IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRUSTEES OF THE PLUMBERS AND )
PIPEFITTERS NATIONAL )
PENSION FUND, *et al.*, )
)
           Plaintiffs, )
) Civil Action No. 1:21cv0150 (RDA/JFA)
v. )
)
ROCKY MOUNTAIN PIPING & )
PLUMBING, INC., )
)
           Defendant. )
)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 13). Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund")[1] and the Trustees of the International Training Fund ("International Training Fund"). Each plaintiff seeks a default judgment against defendant Rocky Mountain Piping & Plumbing, Inc. ("Rocky Mountain"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On February 10, 2021, plaintiffs filed this action alleging that Rocky Mountain breached a Collective Bargaining Agreement with the United Association Local Union No. 3 seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs, and for

---

[1] According to the affidavit of Toni C. Inscoe, the Plumbers and Pipefitters National Pension Fund changed its name effective July 1, 2021, to the United Association National Pension Fund. (Docket no. 14-1, ¶ 2).

injunctive relief. (Docket no. 1). On February 26, 2021, plaintiffs filed an amended complaint asserting the same claims but including amounts due related to a Collective Bargaining Agreement with the United Association Local Union No. 58, in addition to Local Union No. 3. (Docket no. 5). A summons for the amended complaint was issued on March 3, 2021 (Docket no. 8), and the summons, complaint, and amended complaint were served on Rocky Mountain on April 1, 2021 (Docket no. 9). In accordance with Federal Rule of Civil Procedure 12(a), a responsive pleading was due on April 22, 2021, 21 days after service of the summons and amended complaint. Defendant failed to file a responsive pleading in a timely manner. On July 7, 2021, plaintiffs filed their request for entry of default. (Docket no. 11). The Clerk of Court entered default against defendant pursuant to Federal Rule of Civil Procedure 55(a) on July 7, 2021. (Docket no. 12).

On August 19, 2021, plaintiffs filed a motion for default judgment, a memorandum in support of the motion for default judgment, and a notice setting a hearing for August 27, 2021. (Docket nos. 13–15). The motion for default judgment was supported with two affidavits from Toni C. Inscoe and a declaration by John R. Harney. (Docket no. 14). The motion for default judgment and supporting papers were served on defendant by mail on August 27, 2021. (Docket nos. 13–15). On August 27, 2021, counsel for plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of defendant.

## **Factual Background**

The following facts are established by the amended complaint (Docket no. 5) ("Compl.") and the affidavits and declaration attached as exhibits to the memorandum in support of the motion for default judgment (Docket no. 14). The Trustees of the Plumbers and Pipefitters National Pension Fund and the Trustees of the International Training Fund are

2

trustees of multi-employer employee benefit plans as defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶¶ 1, 2). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by Collective Bargaining Agreements between the United Association Local Union Nos. 3 and 58 and defendant. (Compl. ¶ 1). The International Training Fund is established and maintained by a Restated Trust Agreement and by Collective Bargaining Agreements between the United Association Local Union Nos. 3 and 58 and defendant. (Compl. ¶ 2). The National Pension Fund and the International Training Fund are administered in Alexandria, Virginia. (Compl. ¶¶ 1, 2). Rocky Mountain is a Colorado corporation with an office located in Colorado Springs, Colorado. (Compl. ¶ 3). At all times herein, Rocky Mountain was an "employer in an industry affecting commerce" as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); 29 U.S.C. §§ 142(1), (3) and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 3).

Plaintiffs bring this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Compl. ¶ 4). Defendant is a signatory to the National Agreement for Light Commercial and Residential Construction and thereby bound to the Collective Bargaining Agreements with United Association Local Union Nos. 3 and 58 ("Collective Bargaining Agreements") establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. (Compl. ¶ 5). Pursuant to the Collective Bargaining Agreements, defendant agreed to pay the National Pension Fund and the International Training Fund certain sums of money for each hour worked by employees of the defendant covered by the Collective Bargaining Agreements. (Compl. ¶¶ 6, 7). Plaintiffs claim

3

that defendant employed certain employees covered under the Collective Bargaining Agreements and failed to make proper contributions to the National Pension Fund (Count I) and the International Training Fund (Count II) for work performed at defendant's request. (Compl. ¶¶ 8, 9, 18).

### Count I - National Pension Fund

In the amended complaint the National Pension Fund asserts that defendant failed to pay the amounts owed for contributions for the months of March 2018, April 2018, and August 2018 through October 2018 on behalf of members in Local Union No. 3's jurisdiction and for the months of January 2020 through January 2021 on behalf of members in Local Union No. 58's jurisdiction. (Compl. ¶ 9). The National Pension Fund alleges that defendant failed to make contributions in the amount of $15,463.73 for the months of March 2018, April 2018, and August 2018 through October 2018 on behalf of members in Local Union No. 3's jurisdiction pursuant to reports submitted by defendant. (Compl. ¶ 10). The National Pension Fund also alleges that defendant failed to make required contributions for the months of January 2020 through January 2021 on behalf of members in Local Union No. 58's jurisdiction in an unknown amount since defendant has failed to submit reports identifying hours worked and amounts due. (Compl. ¶ 11). The National Pension Fund also alleges that defendant is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 5 that an employer who fails to pay the amounts required by the Collective Bargaining Agreements on time shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the amount due if payment is not received by the due date. (Compl. ¶ 14). Furthermore, pursuant to the Restated Trust Agreement, interest is assessed at a rate of 12% per annum from

the date the payment was due through the date of payment to the National Pension Fund. (Compl. ¶ 16).

### Count II - International Training Fund

In the amended complaint the International Training Fund asserts that defendant failed to pay the amounts owed for contributions for the months of March 2018, April 2018, and August 2018 through October 2018 on behalf of members in Local Union No. 3's jurisdiction and for the months of January 2020 through January 2021 on behalf of members in Local Union No. 58's jurisdiction. (Compl. ¶ 18). The International Training Fund alleges that defendant failed to make contributions in the amount of $255.20 for the months of March 2018, April 2018, and August 2018 through October 2018 on behalf of members in Local Union No. 3's jurisdiction pursuant to reports submitted by defendant. (Compl. ¶ 19). The International Training Fund also alleges that defendant failed to make required contributions for the months of January 2020 through January 2021 on behalf of members in Local Union No. 58's jurisdiction in an unknown amount since defendant has failed to submit reports identifying hours worked and amounts due. (Compl. ¶ 20). The International Training Fund also alleges that defendant is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 6 that an employer who fails to pay the amounts required by the Collective Bargaining Agreements on time shall be considered delinquent and may be assessed liquidated damages in the amount of 20% of the amount due if payment is not received by the due date plus interest for the date due to the date of payment at a rate of 12%. (Compl. ¶ 23).

Plaintiffs assert that pursuant to 29 U.S.C. § 1132(g)(2), they are entitled to a judgment awarding: (1) unpaid contributions; (2) liquidated damages; (3) interest; and (4) reasonable attorney's fees and costs incurred in this action.[2]

### **Proposed Findings and Recommendations**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Federal Rule of Civil Procedure 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### **Jurisdiction and Venue**

Plaintiffs allege that this court has subject matter jurisdiction under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil

---

[2] In Count III plaintiffs seek an order enjoining the violations of the terms of the employee benefit plans and requiring defendant to submit timely contributions and remittance reports to each plaintiff. Plaintiffs have not pursued their request for injunctive relief in the motion for default judgment.

actions brought under this title. ERISA Section 515 states that employers bound by collective bargaining agreements or multi-employer plans shall make contributions in accordance with the terms of the plans or agreements. LMRA Section 301 provides jurisdiction in the U.S. district courts for suits for violation of contracts between an employer and a labor organization. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e).

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Each plaintiff states that it is administered in Alexandria, Virginia. (Compl. ¶¶ 1, 2). On April 1, 2021, the summons and amended complaint were served in person on John Stinar, the registered agent for Rocky Mountain. (Docket no. 9). Venue is proper in this court and this court has personal jurisdiction over the defendant because each plaintiff fund is administered within the Alexandria Division of the Eastern District of Virginia and the defendant was served properly. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over defendant, and that venue is proper in this court.

## Grounds for Entry of Default

The amended complaint was served on Rocky Mountain on April 1, 2021. (Docket no. 9). Pursuant to Federal Rule of Civil Procedure 12(a), a responsive pleading was due on April 22, 2021. After defendant failed to file an answer or responsive pleading in a timely manner, plaintiffs requested an entry of default on July 7, 2021. (Docket no. 11). The Clerk of Court entered a default on July 7, 2021. (Docket no. 12).

The undersigned recommends a finding that defendant was served properly, that it failed to properly file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to defendant.

## Liability and Measure of Damages

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant did not file a responsive pleading and is in default, defendant admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the affidavits in support of the motion for default judgment, defendant has failed to pay certain contributions owed to the National Pension Fund and to the International Training Fund and defendant paid the contribution owned for January 2021 after the due date. ERISA Section 515 provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of —

        (i) interest on the unpaid contributions, or

>    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, the National Pension Fund submitted an affidavit of Toni Inscoe with the memorandum. (Docket no. 14-1). The International Training Fund also submitted an affidavit of Toni Inscoe with memorandum. (Docket no. 14-2). In addition to the affidavits from Ms. Inscoe, the National Pension Fund submitted a declaration from John R. Harney detailing the attorney's fees and costs incurred in this action. (Docket no. 14-3).

The information contained in the affidavit of Toni Inscoe submitted on behalf of the National Pension Fund is different than the information contained in the amended complaint. In the amended complaint the National Pension Fund stated it is owed $15,463.73 for unpaid contributions for the months of March 2018, April 2018, and August 2018 through October 2018 on behalf of members in Local Union No. 3's jurisdiction and, because defendant had not submitted reports, an unknown amount for contributions owned for the months of January 2020 through January 2021 on behalf of members in Local Union No. 58's jurisdiction. The Inscoe affidavit confirms that the National Pension Fund is owed $15,463.73 for unpaid contributions for the months of March 2018, April 2018, and August 2018 through October 2018 on behalf of members in Local Union No. 3's jurisdiction. (Docket no. 14-1, ¶ 7). However, the Inscoe affidavit states that subsequent to the filing of this action, defendant submitted remittance

reports and a payment for January 2021 on behalf of members in Local Union No. 58. (Docket no. 14-1, ¶ 6). Significantly, the Inscoe affidavit enlarges the period for the unpaid contributions from January 2020 through January 2021 to January **2019** through January 2021. Based on the information from the remittance reports obtained after this action was filed and including the additional period from January 2019 to January 2020, Ms. Inscoe states the National Pension Fund was owed $49,149.00 in unpaid contributions and it received a payment of $3,654.00, albeit late. (Docket no. 14-1, ¶ 8). In addition to these unpaid contributions, Ms. Inscoe states that defendant owes $6,461.27 in liquidated damages and $14,456.50 in interest from the due date through August 27, 2021. (Docket no. 14-1, ¶ 11). The total amount claimed on behalf of the National Pension Fund is **$81,876.50** (contributions of $15,463.73 for Local Union No. 3 and $45,495.00 for Local Union No. 58, liquidated damages of $6,461.27 and $14,456.50 in accrued interest). (Docket no. 14-5).[3]

As with the affidavit in support of the amounts owed to the National Pension Fund, the affidavit of Ms. Inscoe submitted on behalf of the International Training Fund establishes that the International Training Fund is owed unpaid contributions for the months of March 2018, April 2018 and August 2018 through October 2018 in the amount of $255.20 on behalf of members in Local Union No. 3's jurisdiction. (Docket no. 14-7, ¶ 6). Based on the recently obtained remittance reports, Ms. Inscoe has calculated that defendant owes the International Training Fund $819.15 in unpaid contribution for the period January 2019 through December

---

[3] The memorandum in support of the motion for default judgment fails to address the addition of a year's worth of unpaid contributions that was not alleged in the complaint or amended complaint. Given that defendant has failed to respond to motion for default judgment including these additional contributions, any objection to those amounts may be deemed waived. Defendant will have the opportunity to object to these proposed findings of fact and recommendations.

2020. (Docket no. 14-7, ¶ 7). Ms. Inscoe also states that the International Training Fund is owed $214.87 in liquidated damages and $240.01 in interest at the rate of 12% from the date the payments were due through August 27, 2021. (Docket no. 14-7, ¶ 11). The total amount claimed on behalf of the International Training Fund is **$1,468.33** (contributions of $255.20 for Local Union No. 3 and $758.25 for Local Union No. 58, liquidated damages of $214.87 and $240.01 in accrued interest). (Docket no. 14-11).

In addition to the amounts owed for unpaid contributions, liquidated damages, and interest, plaintiffs seek an award of their attorney's fees and costs. The Harney declaration submitted by plaintiffs details the fees and costs incurred on behalf of plaintiffs in this matter. As shown in the attachment to the Harney declaration, the total amount of fees requested is $2,805.00 for 16.50 hours of attorney and paralegal time and the amount of costs requested is $953.29 for the filing fee, process server fee, and computerized research. The undersigned has reviewed the Harney declaration and the supporting documentation and recommends that the court find that the $2,805.00 requested for fees and the $953.29 requested for costs by plaintiffs are reasonable and should be paid by defendant.[4]

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of plaintiffs in the total amount of **$87,103.12**, which includes $60,958.73 in unpaid contributions owed to the National Pension Fund with liquidated damages of $6,461.27 and $14,456.50 in accrued interest; $1,013.45 in unpaid contributions owned to the International

---

[4] The Harney declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. However, because defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by plaintiffs concerning the reasonableness of these fees as true. The amount of the fees and costs requested are consistent

Training Fund with liquidated damages of $214.87 and $240.01 in accrued interest; and $2,805.00 in attorney's fees and $953.29 in costs.

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to John M. Stinar, Registered Agent, Rocky Mountain Piping & Plumbing, Inc., 121 E. Vermijo Avenue, Suite 200, Colorado Springs, Colorado 80903, and John Parra, President, Rocky Mountain Piping & Plumbing, Inc., 6005 Templeton Gap Road, Colorado Springs, Colorado 80923, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 27th day of August, 2021.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia