IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:21-cv-150 (RDA/JFA) |
| ROCKY MOUNTAIN PIPING & PLUMBING, INC., | ) ) ) | |
| Defendant. | ) ) | |

## **ORDER**

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge John F. Anderson on August 27, 2021. Dkt. 17. In this Employee Retirement Income Security Act of 1974 case, Judge Anderson recommends that the Court grant Plaintiffs' Motion for Default Judgment (Dkt. 13) in the amount of $87,103.12, which includes $60,958.73 in unpaid contributions owed to the National Pension Fund with liquidated damages of $6,461.27 and $14,456.50 in accrued interest; $1,013.45 in unpaid contributions owned to the International Training Fund with liquidated damages of $214.87 and $240.01 in accrued interest; and $2,805.00 in attorney's fees and $953.29 in costs.

Pursuant to Federal Rule of Civil Procedure 72, the deadline for submitting objections to Judge Anderson's Recommendation was September 10, 2021. To date, no objections have been filed.

After reviewing the record and Judge Anderson's Recommendation, and finding no clear error,[1] the Court hereby APPROVES and ADOPTS the Recommendation. Dkt. 17. Accordingly, Plaintiffs' Motion for Default Judgment (Dkt. 13) is GRANTED. It is hereby

ORDERED that default judgment be entered in favor of Plaintiffs Trustees of the United Association National Pension Fund and the International Training Fund against Defendant Rocky Mountain Piping & Plumbing, Inc., for the sum of $87,103.12.

The Clerk is directed to enter judgment in this matter pursuant to Federal Rule of Civil Procedure 55, forward copies of this Order to counsel of record, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
September 15, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[1] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (holding that in the absence of any objections to a Magistrate Judge's Recommendation, the Court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'").